**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SENTINEL INSURANCE COMPANY, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: |
| | ) |
| ENDURANCE WARRANTY SERVICES, LLC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES SENTINEL INSURANCE COMPANY, LTD. ("Sentinel"), as Plaintiff, by and through its attorneys, Michael J. Duffy and Ashley L. Conaghan of Tressler, LLP and for its Complaint for Declaratory Judgment against ENDURANCE WARRANTY SERVICES, LLC., ( "EWS"), states as follows:

**STATEMENT OF THE CASE**

1.      This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, to determine an actual controversy between the parties, concerning the rights and obligations arising under contracts of insurance issued by Sentinel to EWS  in Illinois.

2.      This action seeks a declaration that Sentinel owes no coverage obligations under certain policies of insurance with respect to the EWS's liability in a lawsuit entitled *Jane Doe and Toby Cross, individually and on behalf of all others similarly situated v. Compact Information Systems, Inc., Data Solutions of America, Inc., Elizabeth M. Blank, Endurance Warranty Services, KMB Statistics, LLC, and Doe Defendants*, Case Number 3:13-cv-05013-M

(United States District Court for the Northern District of Texas) ("*Cross* suit"). A copy of the Second Amended Complaint in the *Cross* suit is attached hereto as Exhibit A.

## PARTIES

3.      Sentinel is an insurance company formed under the laws of the State of Connecticut and is principally located in Connecticut.

4.      EWS is an Illinois limited liability company with its principal place of business in Illinois. Upon information and belief, EWS's members are Illinois citizens and residents.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and the parties are citizens of different states.

6.      Venue is proper in this District pursuant to 28 U.S.C. 1391 as this case involves a claim for coverage under a liability insurance policy issued to EWS within this District.

## FACTUAL BACKGROUND

7.      Sentinel issued a business liability insurance policy to EWS as new business effective from July 16, 2012 to July 16, 2013 which was renewed for the period from July 16, 2013 to July 16, 2014 (the "Policy"), bearing Policy No. 83 SBA J25212. Copies of these policies are attached hereto as Exhibits B and C.

8.      With respect to liability coverage, the Policy provides:

    **A.      Coverages**

        **1.      Business Liability Coverage (Bodily Injury, Property Damage, Personal and Advertising Injury)**

**Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit " seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.

We may, at our discretion, investigate any "occurrence" or offense and settle any claim or "suit" that may result. But:

(1)     The amount we will pay for damages is limited . . .

(2)     Our right and duty to defend ends when we have used up the applicable limit of insurance . . .

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Coverage Extension – Supplementary Payments.

b.      This insurance applies:

(1)     To "bodily injury" and "property damage" only if:

(a)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

3

(b)    The "bodily injury" or "property damage" occurs during the policy period; and

(2)    To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

\*    \*    \*

**B.**    **Exclusions**

1.    **Applicable To Business Liability Coverage**

This insurance does not apply to:

a.    **Expected Or Intended Injury**

(1)    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

(2)    "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

\*    \*    \*

p.    **"Personal and Advertising Injury":**

\*    \*    \*

(2)    Arising out of oral, written or electronic publication of material whose first publication took place

4

before the beginning of the policy period;

(3)     Arising out of a criminal act committed by or at the direction of the insured;

(4)     Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement" or on "your website";[1]

\*          \*          \*

(11)     Arising out of the violation of a person's right of privacy created by any state or federal act.

However, this exclusion does not apply to liability for damages that the insured would have in the absence of such state or federal act.

\*          \*          \*

t.     **Violation of Statutes That Govern E-mails, Fax, Phone Calls or Other Methods of Sending Material or Information:**

"Bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

(1)     The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

(2)     The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

_____
[1] Exclusion p. (4) is amended by Endorsement Form No. SS40260611. The amended language is quoted above.

5

**(3)**      Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

\*     \*     \*

**G.**    **Liability and Medical Expenses Definitions**

1.    "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

    a.    (1)    Radio;

           (2)    Television;

           (3)    Billboard;

           (4)    Magazine;

           (5)    Newspaper;

    b.    The internet[2]

    c.    Any other publication that is given widespread public distribution.

However, "advertisement" does not include:

    a.    The design, printed material, information or images contained in, on or upon the packaging or labeling of any goods or products; or

    b.    An interactive conversation between or among persons through a computer network.

2.    "Advertising idea" means any idea for an "advertisement.

---

[2] Paragraph 1.b. of the definition is replaced by language contained in Endorsement Form No. SS40260611. The changed language is reflected in the quote above.

\*     \*     \*

5.     "Bodily injury" means physical:

     a.     Injury;

     b.     Sickness; or

     c.     Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*     \*     \*

16.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions;

17.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

     a.     False arrest, detention or imprisonment;

     b.     Malicious prosecution;

     c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person or organization occupies, committed by or on behalf of its owner, landlord or lessor;

     d.     Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

     e.     Oral, written or electronic publication of material that violates a person's right of privacy;

     f.     Copying, in your "advertisement" or on "your website," a person's or organization's

"advertising idea" or style of "advertisement,"[3]

g.      Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement" or on "your website";[4] or

h.      Discrimination that results in humiliation or other injury to the feelings or reputation of a natural person.

As used in this definition, oral, written or electronic publication includes publication of material in our care, custody or control by someone not authorized to access or distribute that material.[5]

20.     "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physical injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

*      *      *

(See, Exhibits B and C).

9.      EWS tendered its defense and indemnity in the *Cross* suit to Sentinel.

---

[3] Paragraph f of this definition is replaced by language contained in Endorsement Form No. SS40260611. The changed language is reflected in the quote above.

[4] Paragraph g of this definition is replaced by language contained in Endorsement Form No. SS40260611. The changed language is reflected in the quote above.

[5] This language is added to this definition by Endorsement Form No. SS40260611.

10.     Sentinel denies that it owes EWS any defense or indemnity obligation for the *Cross* suit.

11.     An actual controversy exists between the parties with respect to their respective duties and obligations under the subject policies.  This Court has the power to make binding declarations of the rights and duties of the parties herein, and to adjudicate the dispute between the parties herein.

**COUNT I**
**No "Bodily Injury" or "Property Damage"**

12.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

13.     Subject to all of its terms, the Policy provides coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

14.     The *Cross* suit does not concern a claim for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

15.     Accordingly, Sentinel does not owe any defense or indemnity obligations to EWS under the "bodily injury," or "property damage" liability coverage of the Policy for the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.     Finding that Sentinel owes no duty to defend or indemnify EWS in the *Cross* suit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT II
### No "Personal and Advertising" Injury

16.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

17.     Subject to all of its terms, the Policy provides coverage for claims for "damages" because of "personal and advertising injury."

18.     The *Cross* suit does not concern a claim for "damages" because of "personal and advertising injury" as defined in the Policy.

19.     Accordingly, Sentinel owes no defense or indemnity to EWS under the "personal and advertising injury" coverage of the Policy for the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.      Finding that Sentinel owes no duty to defend or indemnify EWS in the *Cross* suit; and

B.      For all such just and equitable relief, including costs of this suit.

## COUNT III
### No Covered "Damages"

20.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

21.     Subject to all of its terms, the Policy only requires that Sentinel pay "damages" which the insured becomes legally obligated to pay.

22.     Much if not all of the *Cross* suit does not concern covered "damages" under the Policy.  Further, based on public policy, Sentinel owes no duty to provide coverage for the non-compensatory and/or punitive damages claimed in the *Cross* suit.

23.     Accordingly, Sentinel owes no coverage for  the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

>   A.      Finding that Sentinel owes no coverage for the *Cross* suit; and
>
>   B.      For all such just and equitable relief, including costs of this suit.

### COUNT IV
### Right of Privacy Created by Statute Exclusion

24.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

25.     The Policy excludes coverage for "personal and advertising injury" that arises out of a right of privacy created by statute.

26.     To the extent that any "personal and advertising injury" is alleged in the *Cross* suit, coverage is barred by the Right of Privacy Created by Statute Exclusion in the Policy.

27.     Accordingly, Sentinel has no duty to defend or indemnify EWS in the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

>   A.      Finding that Sentinel owes no duty to defend or indemnify EWS in the *Cross* suit; and
>
>   B.      For all such just and equitable relief, including costs of this suit.

### COUNT V
### Violation of Statutes Exclusion

28.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

11

29.     The Policy excludes coverage for "personal and advertising injury" arising out of any action that is alleged to violate any statute "that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

30.     To the extent that the *Cross* suit alleges claims for "personal and advertising injury," said claims are based on violations of the Driver's Privacy Protection Act ("DPPA"), a statute that prohibits and/or limits the recording, transmission, communication and/or distribution of personal information.  Accordingly, the *Cross* suit falls within the Violation of Statutes Exclusion.

31.     Therefore, Sentinel has no duty to defend or indemnify EWS in the underlying *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.      Finding that Sentinel owes no duty to defend or indemnify EWS in the *Cross* suit; and

B.      For all such just and equitable relief, including costs of this suit.

### COUNT VI
### Expected or Intended Exclusion

32.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

33.     The Expected or Intended Exclusion in the Policy precludes coverage for "bodily injury" or "property damage" expected or intended by the insured and "personal and advertising injury" that arises out of "an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"

12

34.     Any injury or damage alleged in the *Cross* suit is barred from coverage by the Expected or Intended Exclusion in the Policy.

35.     Accordingly, Sentinel has no duty to defend or indemnify EWS in the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.     Finding that Sentinel owes no duty to defend or indemnify EWS in the *Cross* suit; and

B.     For all such just and equitable relief, including costs of this suit.

## COUNT VII
## Prior Publication Exclusion

36.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

37.     The Prior Publication Exclusion in the Policy precludes coverage for "personal and advertising injury" that arises out of publication of material which took place before the policy began.

38.     Any "personal and advertising injury" alleged in the *Cross* suit which concerns publication of material first published before the policy is barred is barred from coverage.

39.     Accordingly, Sentinel has no coverage for any such "personal and advertising injury" in the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.     Finding that Sentinel owes no coverage for such "personal and advertising injury" in the *Cross* suit and

B.     For all such just and equitable relief, including costs of this suit.

13

## COUNT VIII
## Criminal Act Exclusion

40.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

41.     The Criminal Act Exclusion in the Policy precludes coverage for any "personal and advertising injury" that arises out of a criminal act.

42.     Any "personal and advertising injury" alleged in the *Cross* suit is barred from coverage by Criminal Act Exclusion in the Policy.

43.     Accordingly, Sentinel has no duty to defend or indemnify EWS in the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

    A.     Finding that Sentinel owes no duty to defend or indemnify EWS in the *Cross* suit; and

    B.     For all such just and equitable relief, including costs of this suit.

## COUNT IX
## Breach of Contract Exclusion

44.     Plaintiff incorporates and restates the allegations of paragraphs 1 through 11 above as if fully set forth herein.

45.     The Breach of Contract Exclusion in the Policy precludes coverage for any "personal and advertising injury" that arises out of a breach of contract.

46.     Any "personal and advertising injury" alleged in the *Cross* suit is, in whole or in part, barred from coverage by Breach of Contract Exclusion in the Policy.

47.     Accordingly, Sentinel owes no coverage for such liability in the *Cross* suit.

WHEREFORE, Plaintiff, Sentinel prays that this Court enter the following relief:

A.      Finding that Sentinel owes no coverage for any breach of contract liability

in the *Cross* suit; and

B.      For all such just and equitable relief, including costs of this suit.

Respectfully submitted,

SENTINEL INSURANCE COMPANY, LTD.

By: _____ /s/ Michael J. Duffy_____
              One of Its Attorneys

Michael J. Duffy
Ashley L. Conaghan
TRESSLER LLP
Willis Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6308
(312) 627-4000

CHICAGO1-#606377